**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5580-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANK M. BROWN, a/k/a FRANK
ACE, FRANK BLACKWELL,
and SONNY BROWN,

     Defendant-Appellant.

_____

Submitted October 28, 2019 – Decided November 12, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 75-03-0602.

Joseph E. Krakora, Public Defender, attorney for appellant (Justin T. Loughry, Designated Counsel, on the briefs).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a January 29, 2018 order denying his petition for post-conviction relief (PCR), which defendant filed more than forty years after the commission of the underlying crimes. Defendant asserts his trial and appellate counsel rendered ineffective assistance. Judge Robert G. Malestein denied defendant's petition without an evidentiary hearing, and rendered a twenty-one page written opinion.

The first petition for PCR must be filed within five years of the date of judgment of conviction. R. 3:22-12(a)(1). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013). In evaluating whether to relax the time bar, a judge should consider "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an injustice sufficient to relax the time limits." State v. McQuaid, 147 N.J. 464, 485 (1997) (internal quotation and citation omitted).

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the

2                                                        A-5580-17T3

delay." State v. Afanador, 151 N.J. 41, 52 (1997) (citing State v. Mitchell, 126 N.J. 565, 580 (1992)). "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring [PCR] may be overlooked to avoid a fundamental injustice." Brewster, 429 N.J. Super. at 400 (quoting Mitchell, 126 N.J. at 587).

As the PCR judge emphasized, the underlying crime occurred in December 1975; defendant was sentenced in March 1977; and the judgment of conviction was entered in April 1977. Defendant's petition for PCR was not filed until October 1, 2015, almost forty years after the crime and subsequent entry of judgment. The PCR judge was:

> [M]indful that the State simply cannot prosecute a case for a crime which occurred [forty] years ago. The State has indicated that the physical evidence is destroyed, damaged[,] or useless. Witnesses have died, the trial transcript is incomplete[,] and memories have certainly faded. However, [forty] years ago the evidence of guilt was overwhelming[.]

The PCR judge noted, "[t]here is not a scintilla of evidence or . . . excusable neglect asserted nor argued by [defendant]." The PCR judge further stated "there are no factual allegations demonstrating that the delay was due to [defendant's] excusable neglect." As the State correctly emphasizes, defendant

does not attempt to provide any sort of "plausible explanation" for his failure to file a timely PCR. The PCR judge denied the petition as time-barred, but also rejected defendant's contentions on the merits.

On appeal, defendant raises the following arguments:

POINT I
[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AND THEREBY THE RIGHTS OF DUE PROCESS AND A FAIR TRIAL.

A. THE PURPOSE OF A PETITION FOR [PCR] IS TO AFFORD A DEFENDANT A LAST OPPORTUNITY TO RAISE A CONSTITUTIONAL CHALLENGE TO HIS CONVICTION.

B. A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL MANDATES APPROVAL OF [DEFENDANT'S] REQUEST FOR RELIEF OR, IN THE ALTERNATIVE, AN EVIDENTIARY HEARING.

C. DEFENSE COUNSEL ERRED IN FAILING TO OBJECT TO THE VICTIM'S SISTER'S HEARSAY REPORT OF WHAT THE VICTIM HAD TOLD HER, HOURS BEFORE HER DEATH, AS TO THE CLOTHING OF HER VISITOR AND STATEMENTS AND CONDUCT OF THE MAN WHO HAD VISITED HER EARLIER IN THE DAY OF HER DEATH.

D. [DEFENDANT] HAD AVAILABLE A VALID FOURTH AMENDMENT ARGUMENT AGAINST THE POLICE'S INTRUSION WITHOUT A WARRANT INTO HIS LIVING SPACE, AND COUNSEL FAILED TO ASSERT IT, AND THUS HE

4

SUFFERED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

E. FAILURE TO OBJECT TO EVIDENCE OF [DEFENDANT'S] INMATE/CONVICTED STATUS OR TO SEEK A LIMITING INSTRUCTION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

F. DEFENSE COUNSEL ERRED IN FAILING TO OBJECT TO TESTIMONY THAT IN RESPONSE TO A PARTICULARLY IMPORTANT POLICE QUESTION, [DEFENDANT] INVOKED HIS RIGHT TO COUNSEL – AN INVOCATION THAT IS IMPROPER TO PLACE BEFORE THE JURY, AND THAT THE JURY NEVER SHOULD HAVE HEARD.

G. DEFENSE COUNSEL FAILED TO PROTECT DEFENDANT'S FIFTH AMENDMENT RIGHTS; DEFENSE COUNSEL ERRED IN FAILING TO OBJECT TO THE INTRODUCTION OF ANY QUESTIONING BY POLICE AFTER [DEFENDANT] HAD EXPRESSED HIS DESIRE TO HAVE COUNSEL, AT THEIR FIRST MEETING, ON THE DAY OF HIS DETENTION, AND SUCH POLICE CONDUCT VIOLATED [DEFENDANT'S] FIFTH AMENDMENT AND MIRANDA RIGHTS.

H. THE PROSECUTOR'S SUMMATION FEATURED SEVERAL IMPROPRIETIES, MOST NOTABLY A FORBIDDEN "CALL TO ARMS[,"] THAT DEPRIVED [DEFENDANT] OF A FAIR TRIAL – AND THAT DEFENSE COUNSEL ALLOWED TO PASS WITHOUT OBJECTION.

I. THE [JUDGE] ERRED IN CLOSING OFF THE OPTION OF A LESSER INCLUDED CONVICTION AND[,] IN EFFECT[,] PARTIALLY DIRECTING A

VERDICT ON FELONY MURDER; TRIAL COUNSEL FAILED TO OBJECT; AND ALTHOUGH TRIAL COUNSEL PROPERLY OBJECTED TO THE FLAWED INDICTMENT (THAT FAILED TO ALLEGE A PREDICATE FELONY) APPELLATE COUNSEL IGNORED THE ISSUE, THUS COMPROMISING [DEFENDANT'S] APPEAL.

POINT II
APPELLATE COUNSEL ERRED IN FAILING TO RAISE ON APPEAL THE MULTIPLE ISSUES SET FORTH HEREIN.

POINT III
THE [JUDGE] IN THE INTEREST OF JUSTICE SHOULD HOLD THIS PETITION NOT TIME BARRED.

POINT IV
THE [JUDGE'S] RETROSPECTIVE TRIVIALIZATION OF FORMER COUNSEL[S'] LAPSES AS "STRATEGIC CHOICES" IS A CONCLUSORY RATIONALIZATION WITHOUT ANY BASIS.

We conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons Judge Malestein gave in his well-reasoned and comprehensive opinion. In addition to agreeing that defendant's petition is time-barred, we add the following brief remarks.

To establish a prima facie claim of ineffective assistance of counsel, defendant is obliged to show not only that the particular manner in which

6

counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).  Under the first prong of the Strickland test, defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Under the second prong, defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Ibid.  That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 690. Defendant did not satisfy either prong of the Strickland test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5580-17T3